## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES S. WILLIAMS,<br>    Plaintiff | C.A. No. 15-86 Erie |
| v | |
| ERIE COUNTY DISTRICT<br>ATTORNEY'S OFFICE, et al.,<br>    Defendants | Magistrate Judge Baxter |

# **OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On March 23, 2015, Plaintiff Charles S. Williams, while an inmate incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania,[2] initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants Erie County District Attorney's Office ("Erie County D.A."); John H. Daneri ("Daneri"), Erie County District Attorney and former Erie County public defender appointed to represent Plaintiff at his criminal trial; and Bruce K. Tackett ("Tackett"), a forensic scientist with the Pennsylvania State Police. Plaintiff claims that Defendants violated his Fourteenth Amendment due process and equal protection rights, and his First Amendment right to access the courts, by refusing to perform post-conviction

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 10, 25, 36].

[2] Plaintiff has since been released from incarceration and currently resides in Harrisburg, Pennsylvania. [ECF No. 54].

1

DNA testing and/or to provide him with access to the DNA evidence post-conviction. As relief for his claims, Plaintiff seeks injunctive relief in the form of an order requiring Defendants to preserve and produce to him "any biological or physical material pertinent to Plaintiff's conviction of aggravated assault, aggravated indecent assault, and endangering the welfare of children." (ECF No. 7, Complaint, at p. 14).

Defendants filed Answers to Plaintiff's complaint [ECF Nos. 18, 19], and the parties subsequently completed discovery. Pending before this Court are motions for summary judgment filed by Defendants Erie County D.A. and Daneri [ECF No. 47], and Defendant Tackett [ECF No. 50], both arguing, *inter alia*, that no DNA evidence exists and, therefore, there is no justiciable case or controversy at issue for this Court to adjudicate. In response, Plaintiff has filed a memorandum of law in opposition to Defendants' motions [ECF No. 57], as well as a counter-motion for summary judgment [ECF No. 59] asserting that Defendants Erie County D.A. and Daneri "do have possession, control and/or access to the crime-scene DNA evidence in the present case." (ECF No. 59, at ¶ 3). This matter is now ripe for consideration.

## B.     Relevant Factual History[3]

On November 12, 1995, after Plaintiff gave a videotape confession to Erie County police officers, Plaintiff was charged with aggravated assault, aggravated indecent assault, and endangering the welfare of children, in connection with the sexual assault of a minor child.

---

[3] The factual history set forth herein has been gleaned from the parties' Concise Statements of Undisputed Material Facts [ECF Nos. 47-2, 53, 58], to the extent the factual statements are unopposed and/or largely supported by the evidence of record.

Plaintiff entered a guilty plea to the charges on June 10, 1996; however, on June 13, 1996, Plaintiff's court-appointed counsel, Defendant Daneri, filed a motion to withdraw Plaintiff's guilty plea, which was denied by the trial judge. (ECF No. 58, at ¶¶ 2-3). As a result of his guilty plea, Plaintiff was ultimately convicted on all counts and was sentenced to serve 17½ to 35 years of incarceration in a state correctional facility. (ECF No. 47-2, at ¶ 5). The Pennsylvania Superior Court subsequently upheld the convictions on appeal. (Id. at ¶ 6).

In or around 2000, Plaintiff filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") seeking testing of DNA evidence that had allegedly been gathered from the crime scene during the police investigation of the assault he was convicted of committing. (Id. at ¶ 7). The PCRA petition was denied by Erie County Judge Stephanie Domitrovich in 2001, and Judge Domitrovich's decision was affirmed on appeal by the Pennsylvania Superior Court in 2003. (Id. at ¶¶ 8-9). In May 2003, Plaintiff filed a "petition to inspect and test evidence and production of discovery," once again seeking access to the alleged DNA evidence. This petition was denied by Erie County Judge Ernest J. DeSantis, Jr. on May 29, 2003, and the denial was affirmed by the Pennsylvania Superior Court on April 20, 2004. (Id. at ¶¶ 10-12; ECF No. 52-1, at pp. 17-28).

On January 27, 2014, Plaintiff filed another motion for DNA testing with the trial court, again seeking access to the physical and biological evidence obtained from the crime scene. (ECF No. 58, at ¶¶ 5, 13; ECF No. 58-1, at pp. 9-12). This motion was also denied by the trial court.

### C. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the

nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict

for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

Here, all of Plaintiff's claims are centered on the assertion that he has been wrongfully denied access to DNA evidence under Pennsylvania's post-conviction DNA testing statute, 42

Pa.C.S. § 9543.1, because he pleaded guilty to the criminal charges brought against him. The sole relief Plaintiff seeks is Defendants' preservation and production of any "biological or physical material pertinent to Plaintiff's conviction of aggravated assault, aggravated indecent assault, and endangering the welfare of children," for forensic DNA testing. (ECF No. 7, Complaint, at pp. 13-14). Thus, the viability of Plaintiff's claims is necessarily dependent upon the existence and availability of relevant DNA evidence; however, the record evidence makes clear that no such DNA evidence exists. Accordingly, Defendants argue that there is no justiciable case or controversy over which this Court has jurisdiction. The Court agrees.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" Campbell-Ewald Co. v. Gomez, ___ U.S. ___, 136 S.Ct. 663, 669 (2016), quoting U.S. Const., Art. III, § 2. The United States Supreme Court has "interpreted this requirement to demand that 'an actual controversy … be extant at all stages of review, not merely at the time the complaint is filed.'" Id., quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Health Care Corp., v. Symczyk, 569 U.S. ___, 133 S.Ct. 1523, 1528 (2013) (citation omitted). "A case becomes moot … when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party.'" Knox v. Service Employees, 567 U.S. 298, 132 S.Ct. 2277, 2287 (2012) (citations omitted).

Furthermore, a party invoking a federal court's jurisdiction can establish Article III standing only by showing that he has suffered an "injury in fact," that the injury is "fairly

traceable" to the challenged conduct, and that the injury is likely to be "redressed" by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Specifically, the Lujan Court declared that the "irreducible constitutional minimum standing requirement" is comprised of three elements:

> First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

504 U.S. at 560-61 (citations omitted).

Here, contrary to Plaintiff's allegations, the record evidence shows that there is no known DNA evidence in the possession of, or obtainable by, any of the Defendants in this case. (See ECF No. 47-3, Erie County D.A.'s response to Plaintiff's request for production of documents, at p. 30, ¶ 6; ECF No. 52-1, Declaration of Bruce K. Tackett, at p. 49, ¶ 16). In fact, the record evidence indicates that no rape kit, or any other crime scene evidence, was ever prepared or submitted for DNA testing. (See ECF No. 47-3, Erie County D.A.'s response to Plaintiff's requests for admissions, at pp. 36-37, ¶¶ 1, 3). The only evidence obtained for laboratory analysis were blood and saliva samples taken from the victim, which were subsequently destroyed by the Erie Regional Laboratory of the Pennsylvania State Police because the samples were found to belong only to the victim. (Id. at p. 38, ¶ 6; ECF No. 52-1, Declaration of Bruce K. Tackett, at p. 48, ¶¶ 9-11). In

8

particular, Defendant Tackett declares that "there was no probative evidence found such as seminal fluid of the perpetrator, saliva of the perpetrator or hairs of the perpetrator. Therefore, no probative evidence existed for DNA evidence." (ECF No. 52-1, at p. 48, ¶ 9).

Based on the foregoing, it is impossible for this Court to grant the relief requested by Plaintiff in this case. Simply stated, there is no actual case or controversy before this Court. Moreover, Plaintiff lacks standing to invoke this Court's jurisdiction because he cannot demonstrate an injury in fact that is not merely conjectural or hypothetical, since any alleged injury is grounded in Plaintiff's allegation that he was denied access to DNA evidence that never existed. Thus, summary judgment will be granted in favor of Defendants and against Plaintiff on all claims.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 14, 2017